UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| **RICHARD MATYI**<br>    Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br>JOHN DOES, and JANE DOES<br>    Defendants, | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 4:13-cv-00977<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Richard Matyi, an individual consumer, against Defendants' violations of the law, including, but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

## III.     PARTIES

4. Plaintiff, Richard Matyi (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Mahoning County, in the state of Ohio.

5. Defendant, GC Services Limited Partnership (hereinafter "GCS") is a collection agency and limited partnership engaged in the business of collecting debt in this state with its principal place of business located in Harris County, in the state of Texas at 6330 Gulfton St., Suite 300, Houston, Texas 77081-1198.

6. Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant John Does are "debt collectors" as that term is defined

by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Defendant <u>Jane Does 1-10</u> (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.  Plaintiff is informed and believes, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9.  At all relevant times, Defendant GCS acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    FACTUAL ALLEGATIONS

10.  Sometime before April 5, 2013, Plaintiff, Richard Matyi, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff Richard Matyi.

12.  The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13.  Upon information and belief, within one year prior to the filing of this complaint, Defendants, during communications with Plaintiff, within one year prior to the filing of this complaint, did not state that Defendants were debt collectors, attempting to collect on a debt, and that any information obtained would be used for that purpose.

14.  As a result of the acts alleged above, Defendants caused Plaintiff to become very upset because of the deceptive manner in which this alleged debt was collected by these Defendants.

15. Plaintiff suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, and upset, amongst other negative emotions.

16. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## V.     CAUSES OF ACTION

**COUNT - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et seq.**

17. Plaintiff Richard Matyi repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

>   (a) Defendants violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

>   (b) Defendants violated *§1692e(10)* of the FDCPA by using false,

deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(c) Defendants violated *§1692e(11)* of the FDCPA by failing to disclose in the oral communications with Plaintiff that the communications were from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communications were not formal pleadings.

19. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Richard Matyi respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. For such other and further relief as the Court may deem just and proper.

Dated: April 5, 2013

RESPECTFULLY SUBMITTED,
By: /s/ Kevin Crick
Kevin Crick
BBO: 680950
Consumer Rights Law Firm, PLLC
300 Brickstone Square, Suite 902
Andover, Massachusetts 01810
Phone: (978) 212-3300
Fax: (978) 409-1846
kevinc@consumerlawfirmcenter.com
**Attorney for Plaintiff**

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff Richard Matyi demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.